NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1793
_____

SHAROB ABDUL-AZIZ,
                                        Appellant

v.

IHUOMA NWACHUKWU, Medical Doctor at New Jersey State Prison
is being sued in her individual and official capacity;
ABU ASHAN, Medical Doctor at New Jersey State Prison
is being sued in her individual and official capacity
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 09-cv-05932)
District Judge:  Honorable Peter G. Sheridan
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 22, 2013

Before:  RENDELL, FISHER and GARTH, Circuit Judges

(Opinion filed: April 23, 2013)
_____

OPINION
_____

PER CURIAM

        Abdul-Aziz, a New Jersey prisoner proceeding pro se, appeals from the District

Court's order dismissing his complaint or, in the alternative, granting summary judgment.

For the reasons that follow, we will vacate that judgment and remand for further proceedings consistent with this opinion.

I.

Abdul-Aziz filed a complaint in November 2009 alleging that two prison doctors (the "defendants") had violated his Eighth Amendment rights. The factual background was set forth by the District Court as follows:

> [Abdul-Aziz] states that in 2007, he began having problems urinating. He repeatedly submitted medical slips to see the doctor. Defendant Nwachukwu disregarded his claims of pain, and told him that as long as he could urinate, he shouldn't come back to medical- that he should come back when he "can't go." In November of 2007, that happened, and [Abdul-Aziz] returned to medical. Dr. Nwachukwu attempted to insert a catheter twice, but could not. [Abdul-Aziz] was sent to St. Francis Hospital, where he was scheduled for emergency surgery. [Abdul-Aziz] had a complete blockage of his urethra, a chronic condition.
>
> In July of 2009, [Abdul-Aziz] went to a prison clinic complaining of urinating blood and kidney pain. He was seen by defendant Dr. Ashan, and explained his history. [Abdul-Aziz] repeatedly asked to see the urologist and was repeatedly denied. He says that he suffered in pain.
>
> In August of 2009, [Abdul-Aziz] went to the hospital for unrelated minor surgery, and asked to have his bladder checked, but was told he wasn't there for that reason. He was sent back to the prison. [Abdul-Aziz]'s mother called the prison to complain, and on August 11, 2009 [Abdul-Aziz] wrote an inmate remedy complaint.
>
> [Abdul-Aziz]'s condition continued to deteriorate, and on August 12, 2009, he was sent to the hospital and to see a urologist. Due to the delay, [Abdul-Aziz] claims he had swollen legs, and surgery was required.

Opinion at 5-6, D. Ct. Docket No. 50.

2

The defendants moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)[1] and for summary judgment under Fed. R. Civ. P. 56. They argued that Abdul-Aziz had not exhausted his claims because although he challenged the adequacy of his medical care through the inmate grievance system, he failed to appeal the denial of his grievance. In response, Abdul-Aziz contended that he had filed an appeal and submitted a copy of what he purported to be his filing. The defendants argued that the appeal he attached had never been filed, as evidenced by his failure to submit a copy of the prison's response. The District Court credited the defendants' assertion that there was no documentation of an appeal in Abdul-Aziz's file, and granted the motion to dismiss.

In support of their alternative motion for summary judgment, the defendants submitted copies of portions of Abdul-Aziz's medical records. The District Court determined that because those records were "replete with instances of medical care provided for [Abdul-Aziz] with regard to his condition," he could not demonstrate that the defendants had been deliberately indifferent to his medical needs. Opinion at 13-14. Despite noting that "given the state of the factual record prior to discovery having taken

---

[1] Strictly speaking, the motion acted on by the District Court should not have been captioned as a Fed. R. Civ. P. 12(b)(6) motion to dismiss, but rather as a Fed. R. Civ. P. 12(c) motion for judgment on the pleadings, because we have held that failure to exhaust administrative remedies under § 1997e(a) is an affirmative defense. See Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002). There is no material difference in the applicable legal standards, so for the sake of familiarity, we shall use the "motion to dismiss" formulation of Fed. R. Civ. P. 12(b).

Spruill v. Gillis, 372 F.3d 218, 223 n.2 (3d Cir. 2004).

3

place, a motion for summary judgment may premature [*sic*] at this time," Opinion at 11,

the District Court held that Abdul-Aziz's claims could not survive summary judgment.

Abdul-Aziz timely appealed.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Our review of

a District Court's grant of a motion to dismiss or for judgment on the pleadings is

plenary. Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 246 (3d

Cir. 2010); Spruill, 372 F.3d at 223 n.2. In reviewing the District Court's decision to

grant such a motion, we accept as true all allegations in the complaint, giving the plaintiff

the benefit of every favorable inference that can be drawn from the allegations. See

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678

(2009). We likewise exercise plenary review over a District Court's grant of summary

judgment, applying the same standard that the court should have applied.[2] See Union

Pac. R.R. Co. v. Greentree Transp. Trucking Co., 293 F.3d 120, 125 (3d Cir. 2002).

## III.

Under the Prison Litigation Reform Act, a prisoner is required to pursue all

avenues of relief available within the prison's grievance system before bringing a federal

---

[2] Summary judgment is proper where, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c)(2); Reedy v. Evanson, 615 F.3d 197, 210 (3d Cir. 2010).

civil rights action concerning prison conditions. See 42 U.S.C. § 1997e(a); Booth v. Churner, 532 U.S. 731, 741 (2001). Exhaustion must be completed before a prisoner files suit. Ahmed v. Dragovich, 297 F.3d 201, 209 & n.9 (3d Cir. 2002). The District Court, relying on the defendants' representation that Abdul-Aziz had not filed an administrative appeal from the denial of his inmate grievance, concluded that he failed to exhaust his claims. Before filing their brief in this Court, the defendants discovered that Abdul-Aziz had indeed appealed that denial, and they filed a motion for a summary remand in which they expressly withdrew this affirmative defense.[3] We denied that motion in light of the District Court's alternative holding, but we agree that the District Court's exhaustion ruling cannot stand in light of defendants' express withdrawal of this defense.[4]

---

[3] The defendants claimed that their failure to make this discovery earlier was the result of an "oversight," and we have no present reason to question that assertion. However, although we appreciate the defendants' candor towards this tribunal, we remind them of their duty of candor to the District Court and caution them to undertake more thorough investigations in the future.

[4] Even if the defendants had not conceded that Abdul-Aziz's claims were exhausted, the District Court's dismissal on that basis was error. Irrespective of the defendants' incorrect assertion that he did not appeal the denial of his grievance, the District Court was obligated to accept as true Abdul-Aziz's contention that he had filed one for the purposes of dismissal. Iqbal, 556 U.S. at 678. Furthermore, the parties' disagreement regarding whether Abdul-Aziz's claims were exhausted constituted a genuine dispute over a material fact, and was therefore also inappropriate for summary judgment. See Fed. R. Civ. P. 56(c)(2); Reedy, 615 F.3d at 210. This is particularly true in light of the possibility of "oversights" such as the one the defendants claim occurred here.

We turn now to the District Court's alternative holding, that Abdul-Aziz failed to sufficiently demonstrate an Eighth Amendment violation to survive summary judgment. Abdul-Aziz generally alleged that the defendants were deliberately indifferent to his medical needs. "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 828 (1994) (citations omitted). "Deliberate indifference" is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm, id. at 837-38, and "may be shown by 'intentionally denying or delaying medical care.'" Giles v. Kearney, 571 F.3d 318, 330 (3d Cir. 2009) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).

The District Court concluded that Abdul-Aziz had not shown a genuine issue regarding the defendants' deliberate indifference sufficient to survive summary judgment. We reject that ruling. In the first place, as the District Court itself recognized, summary judgment appears premature before Abdul-Aziz had an opportunity to take discovery. But summary judgment was inappropriate even on the existing record because, although Abdul-Aziz's medical records demonstrate that he received some treatment for his condition, they do not foreclose a claim of deliberate indifference. For example, Abdul-Aziz claims that he went to the prison clinic complaining of urinating blood, kidney pain, and reduced urine output on July 6, 2009. His history of urological problems progressing into medical emergencies was established at that time, yet he claims that the defendants did not provide any treatment for his condition until he returned to the clinic with

6

worsening symptoms three weeks later. Although he claims that he repeatedly requested to see a urologist at that time, the defendants did not arrange for him to do so for several additional days, by which time his bladder was painfully distended and he suffered from uncontrollable convulsions and swollen legs.

The medical records submitted by the defendants do not directly conflict with Abdul-Aziz's account of these events. In fact, they largely confirm that, despite urinalysis results which appear to confirm the presence of red blood cells and calcium oxalate crystals in his urine,[5] see Defendants' Ex. D at 35, D. Ct. Docket No. 43, defendants did not treat or otherwise follow-up on Abdul-Aziz's condition after the July 6 clinic visit. Accordingly, viewing all facts and drawing all inferences in Abdul-Aziz's favor, as we must, see Reedy, 615 F.3d at 210, this record presents a genuine issue of material fact whether the defendants inappropriately prevented or delayed treatment for Abdul-Aziz's condition despite their awareness of the serious risk that it could worsen and cause him undue harm. We therefore cannot agree with the District Court's dismissal of Abdul-Aziz's complaint or with its determination that the defendants were entitled on this record to judgment as a matter of law. See Fed. R. Civ. P. 56; cf. Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986).

_____

[5] The defendants did not provide any supporting affidavits regarding the content of Abdul-Aziz's medical records. Thus, because this Court is unable to conclusively interpret the results of his exam, we are obligated to draw any reasonable inferences in Abdul-Aziz's favor. See Fed. R. Civ. P. 56(c)(2); Reedy, 615 F.3d at 210.

IV.

For the foregoing reasons, we will vacate the judgment and remand the case to the District Court for further proceedings consistent with this opinion. The motion for appointment of counsel on appeal is denied.[6]

---

[6] Abdul-Aziz also challenged the District Court's denial of his motion for appointment of counsel. We discern no abuse of discretion in the District Court's denial of that motion. See Tabron v. Grace, 6 F.3d 147, 155-58 (3d Cir. 1993). We note, however, that the District Court denied Abdul-Aziz's motion for counsel without prejudice to reconsideration later in the proceeding. Given our ruling, the District Court may wish to reconsider that issue at an appropriate time.